[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Kenneth Kennedy, a juvenile, appeals the judgment of the Hamilton County Juvenile Court adjudicating him delinquent based upon receiving stolen property. For the following reasons, we affirm the juvenile court's judgment.
At trial, the state presented evidence that Kennedy operated a 1991 Cadillac that had been stolen. Kennedy wrecked the vehicle and fled the scene of the accident on foot. Kennedy's companion, Santonio Watkins, testified that he had purchased the car and allowed Kennedy to drive it. Watkins, who was fourteen years old at the time of trial, testified that he had informed Kennedy that he had purchased the car from a drug dealer for $800. The evidence indicated that the car was in good condition and worth approximately $7800. When the vehicle was recovered from the scene of the accident, it had affixed to it a temporary license tag that had been visibly altered.
At the close of evidence, the juvenile court magistrate adjudicated Kennedy delinquent based upon a violation of R.C. 2913.51, a felony of the fourth degree had he been charged as an adult. In a single assignment of error, Kennedy contends that the adjudication was contrary to the manifest weight of the evidence.
To reverse a judgment on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1] R.C. 2913.51(A) provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
In the case at bar, Kennedy argues that the evidence did not support a finding that he knew or had reasonable cause to believe that the automobile was stolen. We disagree. Watkins, a fourteen-year old boy, informed Kennedy that he had purchased the $7800 automobile from a drug dealer for $800, the car had an altered temporary tag, and Kennedy fled from the scene after he had wrecked the car. All of these circumstances tended to prove that Kennedy knew or had reasonable cause to believe that the vehicle was stolen. Although Kennedy denied any knowledge that the car was stolen and offered other reasons for fleeing the accident, we cannot say that the court lost its way and created a manifest miscarriage of justice in adjudicating Kennedy delinquent.
Therefore, the judgment of the juvenile court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546. See, also, In Re Williams (Sept. 19, 1997), Hamilton App. No. C- 960769, unreported.